OPINION
Defendant-appellant, William Stewart appeals from his conviction and sentence, following a no-contest plea, for Menacing, as the result of a plea bargain. Stewart contends that the trial court erred by finding him guilty upon his plea of no contest, since there was either no explanation of circumstances, as required by R.C. 2937.07, or the explanation of circumstances was insufficient to permit a finding of guilt on the charge of Menacing. Stewart also contends that the trial court subsequently erred by denying his motion to withdraw his plea.
We conclude that the only explanation of circumstances arguably present in the record — Stewart's own statement at the plea hearing — is not sufficient to permit a finding of guilt. Accordingly, Stewart was entitled to be found not guilty on his no-contest plea, and the trial court erred by finding him guilty.
Because Stewart is entitled to a judgment of acquittal, it is unnecessary to consider his claim that the trial court erred by permitting him to withdraw his plea. The judgment of the trial court is Reversed, and Stewart is ordered Discharged.
Stewart was charged by criminal complaint with Aggravated Menacing, a Misdemeanor of the First Degree. The complaint, in its entirety, reads as follows:
"Michael Dugan (complainant), being duly sworn states William H. Stewart (defendant), in Dayton, Montgomery County, Ohio, on or about November 06 2002, did commit the offense of aggravated menacing in violation of Section 2903.21.mi [sic], ohio revised code in that he did unlawfully and knowingly cause michael dugan to believe that he would cause serious physical harm to his person or property."
On the morning of trial, Stewart entered into a plea bargain with the State, wherein he agreed to plead no contest to the lesser charge of Menacing. During the colloquy with the trial court, in which Stewart was advised of the rights he would be waiving by his plea, Stewart was invited to, and did, make a statement "in mitigation or in regards to [his] no contest plea," but neither the trial court, the prosecutor, nor anyone else made any statement that could be deemed to constitute an explanation of the circumstances of the offense.
The trial court accepted Stewart's plea of no contest, found him guilty of Menacing, and set the matter for sentencing.
Before the sentencing hearing, Stewart filed a motion to withdraw his plea. This motion was heard by the trial court, and overruled.
Stewart was subsequently sentenced to thirty days in jail, which was suspended, fined $100, plus court costs, required to be on supervised probation for six months, and was ordered to complete anger management counseling and avoid further contact with the complainant. From his conviction and sentence, Stewart appeals.
 II
In response to the State's brief, Stewart has moved to strike that brief from this court's files. We find this motion not to be well-taken, and it is overruled.
 III
Stewart's First Assignment of Error is as follows:
"Whether the trial court committed reversible error when it did not take orally on the record an explanation of circumstances to support each element of the charge of menacing before the trial court found the appellant guilty on the appellant's no contest plea."
R.C. 2937.07 includes the following provision:
"If the plea be `no contest' or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly."
The State contends that the trial court had in the file information that justified its finding that Stewart was guilty of Menacing. We agree with Stewart, however, that the holding inCity of Cuyahoga Falls vs. Bowers (1984), 9 Ohio St.3d 148, precludes reliance upon information contained in a trial court's file, requiring, to the contrary, that an explanation of circumstances be recited in the record at the time of the plea. The State next contends that Stewart's own statement, at the plea hearing, constitutes an explanation of circumstances from which the trial court could find Stewart guilty. That statement, and the invitation from the trial court to which that statement responds, are as follows:
"The court: all right. At this time then is there any statement that you wish to make in mitigation or in regards to your no contest plea?
"Mr. Stewart: The only statement that i would like to make your honor is that this wasn't really an issue that should have come to court to start with. It's a spat that recurs daily at work. these types of things happen in union shops. Everybody knows they do. I get threatened all the time. I get threatened on the job, in the neighborhoods i work in, and i get threatened back at the shop. It happens at least weekly. As far as — we never take them seriously. People don't threaten and not carry — they carry out their threat. they don't threaten and then not do it. When people say that they are going to kill you there's a pretty good chance, a ninety-percent chance, that they are not going to kill you. This particular supervisor, that pressed these charges against me, has a habit of doing this to nearly every employee in the division. I don't think it's personal against me. I think he is very ambitious and he likes to use his power (inaudible) employees for whatever reason he might have. Incentives or bonuses I don't know what it is. That is the reason that we are here your honor.
"The court: Anything further?
"Mr. Stewart: That's it."
The offense of Menacing is proscribed by R.C. 2903.22(A), which provides as follows:
"No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."
One element of this offense is that the offender must have caused the victim to believe that the offender will cause physical harm to the victim or to the victim's property or family. We find nothing in Stewart's statement from which the trial court could find that Stewart's victim believed that Stewart was going to cause physical harm to him, his property, or his family. Perforce, then, there is nothing in Stewart's statement from which the trial court could find that Stewart caused, knowingly or otherwise, his victim to so believe.
Thus, we agree with Stewart that there is nothing in the record constituting an explanation of circumstances from which the trial court could find him guilty of Menacing.
The State contends that the proper remedy, if we should so find, is to reverse Stewart's conviction, and remand this cause for further proceedings, since the plea bargain between Stewart and the State has failed of its essential purpose. We disagree. Stewart has performed his end of the bargain. He tendered his plea of no contest, which was accepted. It was then the duty of the trial court to find him guilty or not guilty. Because there was nothing in the nature of an explanation of circumstances, in the record, upon which the trial court could predicate a finding of guilty, its duty was to find Stewart not guilty upon his plea of no contest. State v. Keplinger (November 23, 1998), Greene App. No. 98-CA-24.
Under R.C. 2937.07, when a no-contest plea is accepted in a misdemeanor case, the explanation of circumstances serves as the evidence upon which the trial court is to base its finding of guilty or not guilty. Here, that evidence was insufficient to support a conviction. When a conviction is reversed for insufficiency of the evidence, jeopardy has attached, and a remand for a new determination of guilt or innocence is barred by double jeopardy. Burks v. United States (1978), 437 U.S. 1,98 S.Ct. 2141. Thus, Stewart is entitled to the reversal of his conviction, and to be discharged.
 IV
Stewart's Second Assignment of Error is as follows:
"Whether the trial court abused its discretion when it denied the appellant's presentence motion to withdraw his plea of no contest, because the appellant had a reasonable and legitimate basis for withdrawal and the prosecution did not show actual prejudice."
In view of our disposition of Stewart's First Assignment of Error, his Second Assignment of Error is overruled as moot.
 V
Stewart's First Assignment of Error having been sustained, and his Second Assignment of Error having been overruled as moot, the judgment of the trial court is Reversed, and Stewart is ordered Discharged.
Brogan and Wolff, JJ., concur.