OPINION
{¶ 1} Luke Osterfeld appeals from his conviction and sentence following a no-contest plea to one count of unauthorized use of property.
 {¶ 2} In his sole assignment of error, Osterfeld contends the trial court erred by finding him guilty in the absence of an "explanation of circumstances" to support each element of the offense.
 {¶ 3} The record reflects that Osterfeld originally was charged with petty theft, a first-degree misdemeanor. He later pleaded no-contest to an amended charge of unauthorized use of property. After Osterfeld entered the no-contest plea, the trial court immediately found him guilty. Osterfeld and his attorney then made brief statements in mitigation of punishment, and the trial court sentenced him in accordance with law.
 {¶ 4} On appeal, Osterfeld argues that the trial court erred in finding him guilty without any explanation of circumstances, as required by R.C. § 2937.07, which provides:
 {¶ 5} "If the plea be `no contest,' or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly."
 {¶ 6} Section 2937.07 "confers a substantive right on the accused to be discharged by a finding of not guilty where the `explanation of circumstances' that the statute requires fails to establish all of the elements of the offense," or where no explanation of circumstances is made at all. State v. Keplinger (Nov. 13, 1998), Greene App. No. 98-CA-24.The State bears the burden to ensure that an explanation of circumstances appears on the record before a conviction is entered. Id. Although R.C. § 2937.07 does not define the phrase "explanation of circumstances," it requires evidence sufficient to demonstrate the accused's criminal liability for the offense charged. Id. "[A]n `explanation of circumstances' necessarily involves, at a minimum, some positive recitation of facts which, if the court finds them to be true, would permit the court to enter a guilty verdict and a judgment of conviction on the charge to which the accused has offered a plea of no contest. Lacking that, the Defendant must be found not guilty." In the present case, the record is devoid of any explanation of circumstances before Osterfeld was found guilty. Therefore, the trial court was required to find him not guilty. In opposition to this conclusion, the State suggests that Osterfeld's failure to object to the lack of an explanation of circumstances waived any error. We disagree for at least two reasons.
 {¶ 7} First, when an explanation of circumstances is either deficient or entirely absent, there is legally insufficient evidence to support a conviction following a no-contest plea to a misdemeanor. State v.Stewart, Montgomery App. No. 19971, 2004-Ohio-3103; Keplinger, supra. InStewart, we made this point explicitly, whereas in Keplinger it necessarily follows from our reversal of the defendant's conviction and our determination that he was entitled to be discharged without a remand for retrial.
 {¶ 8} Notably, the Ohio Supreme Court has held that a not-guilty plea alone is sufficient to preserve a sufficiency-of-the-evidence argument for appeal, even where the issue is not raised at trial. State v. Jones,91 Ohio St.3d 335, 346, 2001-Ohio-57; State v. Carter, 64 Ohio St.3d 218,223, 1992 — Ohio-127. We see no reason why the same rule should not apply here in the context of a no-contest plea to a misdemeanor charge. In either case, the State bears the burden of providing legally sufficient evidence on each element of the charge. When a defendant pleads not guilty, the State satisfies its burden at trial by calling witnesses and presenting evidence. In the context of a no-contest plea in a misdemeanor case, however, "the explanation of circumstances serves as the evidence upon which the trial court is to base its finding of guilty or not guilty." Stewart, supra. Thus, we believe a no-contest plea in a misdemeanor case also preserves a sufficiency-of-the-evidence argument for appeal.[1]
 {¶ 9} Second, even if Osterfeld had waived his challenge to the sufficiency of the evidence by failing to raise the issue in the trial court, it would remain subject to plain-error analysis. In State v.Karasek, Montgomery App. Nos. 17408, 17563, 2002-Ohio-2616, we opined that it would constitute plain error for a trial court to enter a conviction where the State presented legally insufficient evidence to support it. This view is in accord with rulings from other appellate districts. See, e.g., State v. Coe, 153 Ohio App.3d 44, 49,2003-Ohio-2732 ("[B]ecause `a conviction based on legally insufficient evidence constitutes a denial of due process,' State v. Thompkins
(1997), 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541, a conviction based upon insufficient evidence would almost always amount to plain error.");State v. Hermann, Erie App. No. E-01-039, 2002-Ohio-7307, at ¶ 24. In light of the well-established rule that "a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances,"Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148, 150, we would find plain-error in the present case even if Osterfeld had waived his challenge to the sufficiency of the evidence.
 {¶ 10} The only remaining issue is the remedy for the trial court's error. The State urges us to remand the matter for further proceedings to allow an explanation of circumstances to be provided. In support, the State contends Osterfeld's improper conviction resulted from a "defective plea" and that he "did not perform his part of the bargain." The State also argues that a remand is appropriate because "jeopardy" never attached given the absence of an explanation of circumstances.
 {¶ 11} Upon review, we are not persuaded by either argument. We fully addressed and rejected the State's first argument in Stewart, supra. There we held that a defendant performed his end of a plea bargain by tendering a no-contest plea, which was accepted. "It was then the duty of the trial court to find him guilty or not guilty. Because there was nothing in the nature of an explanation of circumstances, in the record, upon which the trial court could predicate a finding of guilty, its duty was to find [the defendant] not guilty." Stewart, supra.
 {¶ 12} As for the State's second argument, we have held that double-jeopardy principles bar a retrial when a conviction is reversed based on the lack of an explanation of circumstances following a no-contest plea. Contrary to the State's argument, this is true regardless of whether the record contains a deficient explanation of circumstances or no explanation of circumstances at all. Stewart, supra (reversing a conviction and ordering a defendant discharged where the record contained at best a deficient explanation of circumstances);Keplinger, supra (reversing a conviction and ordering a defendant discharged where the record contained no explanation of circumstances at all).
 {¶ 13} Based on the reasoning set forth above, we sustain Osterfeld's assignment of error. The trial court's judgment is reversed and Osterfeld is ordered discharged from any criminal liability.
Judgment reversed.
Wolff, J., and Young, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
[1] In opposition to this conclusion, the State cites State v. Roe
(1989), 41 Ohio St.3d 18, 25, and appellate decisions relying on it. InRoe, the Ohio Supreme Court opined that a defendant did not preserve a challenge to the sufficiency of the evidence where he failed to file a timely Crim.R. 29 motion. Insofar as this ruling appears to conflict withJones and Carter, supra, we will follow those more recent decisions. Cf.State v. Brown (July 14, 2000), Montgomery App. No. 17891 (declining to follow Roe and observing that it was a death-penalty appeal with thirty-nine propositions of law, many of which received "short shrift" from the Ohio Supreme Court).