JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Maiya McCoy brings this appeal challenging the denial of her motion to vacate her plea. After a thorough review of the record, and for the reasons set forth below, we reverse.
 {¶ 2} On June 8, 2006, a criminal complaint was filed in Cleveland Municipal Court against appellant on a charge of aggravated disorderly conduct.[1] On July 19, 2006, appellant pleaded not guilty. The trial date, originally set for October 17, 2006, was continued to November 13, 2006. On the day of trial, the city prosecutor moved to amend the complaint to a charge of persistent disorderly conduct, [2] on the condition that appellant enter a plea of no contest. Appellant withdrew her not guilty plea, and the trial court conducted a combined plea and sentencing hearing.
 {¶ 3} At the hearing, the court stated, "I want to hear statements from the officers first, unless this probable cause is jumbled before I even say that I am going to accept that." Then the court held a sidebar; when it returned on the record, the court began, "Ms. McCoy, you're withdrawing your previous plea of not guilty to the offense against you [sic] entering a plea of no contest to the Aggravated Disorderly Conduct as it has been amended to Persistent Disorderly *Page 4 
Conduct under Ohio Revised Code 2917.11(E), a misdemeanor of the fourth degree with a possible $250 fine and/or 30 days in jail if the Court finds you guilty; is that an accurate statement of what you're doing today?" Appellant answered "yes."
 {¶ 4} The court then admonished appellant for rolling her eyes, and appellant indicated she was confused. Without addressing appellant's confusion, the court continued, "You acknowledge there have been no threats, promises made to you to change your plea, and you are waiving with the full understanding of your waiver of trial rights; is that correct?" Appellant answered "yes." The trial court made a finding of guilt and proceeded directly to sentencing.
 {¶ 5} The court sentenced appellant as follows: 30 days in jail and suspended the time; a fine of $250 and suspended $100 of the amount; 20 hours of community work service; completion of anger management classes; and one year active probation, to become inactive upon the completion of the community service work and the anger management classes.
 {¶ 6} On December 12, 2006, appellant moved to vacate her plea, which the trial court denied. On June 15, 2007, appellant filed a notice of appeal, which this court dismissed sua sponte for being untimely filed and for failure to file the record. See App. R. 3(A); App. R. 10(A), and Loc. App. R. 11.1(B)(4)(A). On October 12, 2007, appellant filed a motion to withdraw her plea on the grounds *Page 5 
that her plea was not knowingly and intelligently made. The trial court scheduled a hearing for November 8, 2007, at which time it denied appellant's motion. On December 7, 2007, appellant filed a notice of appeal.
 Review and Analysis {¶ 7} Appellant filed the instant appeal and cites two errors for our review. Because they are related, we address them together.
 {¶ 8} "I. Appellant is entitled to the reversal of her conviction and to be discharged because the trial court failed to properly advise her or take her plea, and no facts were presented by the city to support appellant's convictions."
 {¶ 9} "II. The trial court erred and abused its discretion by denying appellant's motion to withdraw her plea."
 {¶ 10} Appellant argues that her plea must be vacated because the trial court failed to explain the circumstances of the offense on the record and because she never actually entered any plea. Furthermore, she argues the trial court erred when it denied her motion to vacate her plea. We agree on both counts.
 {¶ 11} Before relying upon a no contest plea to convict a defendant for any misdemeanor, the court must comply with R.C. 2937.07.[3] SeeCuyahoga Falls v. *Page 6 Bowers (1984), 9 Ohio St.3d 148, 459 N.E.2d 532, syllabus. Pursuant to that statute, the court "shall call for explanation of circumstances of the offense from the affiant or complainant or his representatives" together with "any statement of [the] accused." The court must then "make [a] finding of guilty or not guilty from the explanation of [the] circumstances." Chagrin Falls v. Katelanos, 54 Ohio App.3d 157,561 N.E.2d 992.
 {¶ 12} A review of the five-and-one-half page transcript reveals that no facts were presented to support the charges against appellant, and appellant was never asked how she pleaded to the charge of persistent disorderly conduct. The record must show that the required explanation included a statement of facts that supports all the essential elements of the offense. Cuyahoga Falls v. Bowers, supra.
 {¶ 13} In this case, the transcript fails to demonstrate that the court called for the required explanation of circumstances or considered such information before convicting the defendant. In addition, the trial court clearly failed to ask *Page 7 
appellant, or even her counsel, how she pleaded. These deficiencies render appellant's plea invalid. Furthermore, on this record, appellant's motion to vacate her plea should have been granted, and the trial court's failure to do so constitutes reversible error.
 {¶ 14} Appellant's assignments of error are sustained.
 {¶ 15} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and ANN DYKE, J., CONCUR.
[1] See Codified Ordinances of the City of Cleveland, Section 605.03A4.
[2] See R.C. 2917.11(E).
[3] R.C. states: "If the offense is a misdemeanor and the accused pleads guilty to the offense, the court or magistrate shall receive and enter the plea unless the court or magistrate believes that it was made through fraud, collusion, or mistake. If the court or magistrate so believes, the court or magistrate shall enter a plea of not guilty and set the matter for trial pursuant to Chapter 2938 of the Revised Code. Upon receiving a plea of guilty, the court or magistrate shall call for an explanation of the circumstances of the offense from the affiant or complainant or the affiant's or complainant's representatives. After hearing the explanation of circumstances, together with any statement of the accused, the court or magistrate shall proceed to pronounce the sentence or shall continue the matter for the purpose of imposing the sentence.
"A plea to a misdemeanor offense of `no contest' or words of similar import shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. If a finding of guilty is made, the judge or magistrate shall impose the sentence or continue the case for sentencing accordingly. A plea of `no contest' or words of similar import shall not be construed as an admission of any fact at issue in the criminal charge in any subsequent civil or criminal action or proceeding." *Page 1