[Cite as *Cleveland v. Paramount Land Holdings, L.L.C.*, 2011-Ohio-3383.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 95448

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## PARAMOUNT LAND HOLDINGS, LLC

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cleveland Municipal Court
Case Nos. 08-CRB-37072, 08-CRB-41885,
09-CRB-03590, 09-CRB-04261,
09-CRB-27014, 09-CRB-30186,
09-CRB-35426, and 09-CRB-44396

BEFORE:  E. Gallagher, J., Boyle, P.J., and Cooney, J.

RELEASED AND JOURNALIZED:   July 7, 2011
**ATTORNEYS FOR APPELLANT**

Richard G. Lillie
Gretchen A. Holderman
Lillie & Holderman
75 Public Square
Suite 1313
Cleveland, Ohio    44113-2001


**ATTORNEYS FOR APPELLEE**

Robert J. Triozzi
Director of Law
Karyn J. Lynn
Assistant Director of Law
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio    44114


EILEEN A. GALLAGHER, J.:

{¶ 1} Paramount Land Holdings, LLC (hereinafter referred to as "Paramount"), appeals from the decision of the Cleveland Municipal Court, Housing Division.  Paramount argues the trial court failed to comply with Crim.R. 11, imposed excessive and unrelated fines, and that it was precluded from imposing multiple sentences on Paramount's convictions.  Finding merit to the appeal, we reverse and remand.

{¶ 2} Throughout 2008 and 2009, the city of Cleveland filed the following cases against Paramount:  08-CRB-37072, 08-CRB-41885,

09-CRB-03590, 09-CRB-04261, 09-CRB-27014, 09-CRB-30186, 09-CRB-35426, and 09-CRB-44396. Case Nos. 08-CRB-37072 and 09-CRB-03590 were multiple count complaints for failure to correct building code violations while the remaining six cases involved minor misdemeanor health code violations. After several attempts to secure Paramount's presence, the defendant finally appeared through its attorney on November 16, 2009. At that time, Paramount pleaded not guilty on all cases and the court scheduled a supervised pretrial between the court's magistrate, Paramount's attorney, and the city prosecutor.

**{¶ 3}** During the pretrial, the city made recommendations that Paramount pay $500 for each of the six minor misdemeanor cases for a total of $3,000 and $10,000 for Case No. 08-CRB-37072. The city prosecutor requested that Case No. 09-CRB-03590 be dismissed as it related to the same property as Case No. 08-CRB-37072. Additionally, as the city had already demolished the structure on this property, it also recommended that the fine of $10,000 be suspended by 90 percent if and when Paramount reimbursed the city for the costs of demolition.

**{¶ 4}** On March 18, 2010, Paramount's manager, George Kastanes, appeared in court via telephone for a change of plea hearing. Paramount provided the court with a corporate resolution indicating its authorization for

attorney Edward Hayman to enter a plea of no contest on the company's behalf. During the hearing, the court addressed the issue of Paramount's expected no-contest plea on two occasions, then heard the city's recommendations for each case. Without any further action or colloquy with the defendant, the court concluded the hearing and entered a no-contest plea in its journal entry.

**{¶ 5}** In a June 18, 2010 journal entry, the trial court found Paramount guilty of all charges. The trial court also issued its decision on sentencing in written format that same day. At that time, the court sentenced Paramount to a $1,000 fine on each of the six minor misdemeanor cases, a $400,000 fine for the charges contained in Case No. 08-CRB-37072, and a $653,000 fine for the charges contained in Case No. 09-CRB-03590.

**{¶ 6}** Paramount appeals, raising the six assignments of error attached in the appendix to this opinion.

**{¶ 7}** In its first, second, and third assignments of error, Paramount attacks the validity of the court's March 18, 2010 plea hearing. Specifically, Paramount alleges the trial court failed to actually take the no-contest plea, failed to inform Paramount of the effect of the no-contest plea, and failed to make a finding of guilt based on an explanation of circumstances. Because these assignments of error are interrelated and involve the same standard of

review, they will be addressed together.

{¶ 8} A review of the March 18, 2010 transcript reveals that the trial court failed, in many respects, to comply with Crim.R. 11 during this change of plea hearing. A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading. *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635; *Parma v. Buckwald*, Cuyahoga App. Nos. 92354 and 92356, 2009-Ohio-4032. For a petty offense, defined in Crim.R. 2(D), the court is instructed that it "may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Crim.R. 11(E); *Buckwald*. If the misdemeanor charge is a serious offense, defined in Crim.R. 2(C), the court shall not accept a guilty or no-contest plea "without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily." Crim.R. 11(D); *Buckwald*.

{¶ 9} The procedure set forth in Crim.R. 11(C)(2) for felony cases is more elaborate than that for misdemeanors. *Buckwald*. Before accepting a guilty plea in a felony case, a "trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to

jury trial, his right to confront his accusers, and his right of compulsory process of witnesses." *State v. Ballard* (1981), 66 Ohio St.2d 473, 423 N.E.2d 115, paragraph one of the syllabus. In addition to these constitutional rights, the trial court is required to determine that the defendant understands the nature of the charge, the maximum penalty involved, and the effect of the plea. Crim.R. 11(C)(2)(a) and (b); *Buckwald.*

{¶ 10} It is clear that in all cases, i.e., petty misdemeanor offenses, serious misdemeanor offenses, and felonies, the judge must inform the defendant of the effect of his or her plea. *Watkins*; *Buckwald.* Both Paramount and the city of Cleveland agree that all charges against Paramount were petty misdemeanor offenses.

{¶ 11} Primarily, we note that the transcript lacks any indication that the trial court ever took a no contest plea from Paramount. During the hearing, the court addressed the issue of a no contest plea on two occasions, but only in the context of what the court expected Paramount to do — not with respect to what it actually did. Neither Paramount nor its attorney ever entered a plea of no contest.

> "Court: We have a case here in Cleveland and the authorization is fine, but if there is a change from not guilty to no contest, we have to do what we call 'Wanzo' because it's named after Mary [sic] Wanzo, the defendant. * * * [B]ut the only thing missing is that you

understand that the corporation, not you personally, but the corporation in the criminal cases that are before us would be entering a plea of no contest, which is not an admission of guilt, but an admission that the violations did exist; and the corporation would be giving up its right to a jury trial; right against self-incrimination; right for compulsory process and right to have the City prove their case beyond a reasonable doubt; and that Mr. Hayman then will work on the case as outlined in your authorization. * * * So I just need to — that the corporation, both corporations Paramount Land Holdings and Interstate know their rights and knowingly and willingly give them up, and have authorized Mr. Hayman to act in their behalf today?

"Mr. Kastanes:   That would be correct."   Tr. 2-3.

"Court:   And he has authorized you to enter a no contest plea in the cases that are before us.   Now, I understand that there are duplicate cases, and do you have the spreadsheet based upon the no contest plea by Paramount and Interstate?   Does the City move to dismiss the duplicate cases?"   Tr. 4.

{¶ 12} These excerpts are the only references to Paramount's alleged plea of no contest.   Immediately after the above, the court allowed the city to present its recommendations as to fines for each offense.   The court, without taking any further action, entered a plea of no contest.   While Mr. Kastanes, on behalf of Paramount, did execute a corporate resolution authorizing attorney Hayman to change its plea from not guilty to no contest, the trial court never actually asked Mr. Hayman or Mr. Kastanes whether they wanted to change the plea from not guilty to no contest.   Accordingly, the court was without any authority to enter the plea of no contest.

{¶ 13} At its most basic level, the court failed to comply with Crim.R. 11

because it failed to even take the plea of no contest from Paramount or its representative. See *Cleveland v. McCoy*, Cuyahoga App. No. 90763, 2009-Ohio-2247.

{¶ 14} Notwithstanding the foregoing, the court failed to inform Paramount of the effect of its no contest plea as required by Crim.R. 11(E), the language of which is set forth in Crim.R. 11(B)(2).[1]  Crim.R. 11(B) sets forth the "effect of guilty or no contest pleas."  This provision provides:

> "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Crim.R. 11(B)(2).

{¶ 15} In *Watkins*, supra, the Ohio Supreme Court clarified that all that is required of a trial judge before accepting a plea to a petty misdemeanor offense under Traf.R. 10(D) and Crim.R. 11(E) is that the judge must inform the defendant of the information contained in Traf.R. 10(B) and Crim.R. 11(B)(2) — both of which set forth the effect of the no contest plea. *Buckwald.*

{¶ 16} In *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, the Ohio Supreme Court interpreted the meaning of the "effect

---

[1]Although Paramount's second assignment of error focuses on the court's failure to inform Paramount of the maximum penalty for its crimes, we interpret this argument to include the failure to inform Paramount of the effect of its plea of no contest.

of the plea." It specifically addressed the question, "[w]hether a trial court complies with Crim.R. 11(E) by simply notifying a defendant of the effect of his/her plea as set out in Crim.R. 11(B) or whether the trial court complies with Crim.R. 11(E) by notifying a defendant of the maximum penalties that could result from a plea and that the defendant waives his/her right to jury trial by entering a plea, but does not notify a defendant of the effect of his/her plea." *Jones*; *Buckwald*.

**{¶ 17}** The Ohio Supreme Court stated that its prior cases "suggest" that Crim.R. 11(B), captioned "'[e]ffect of guilty or no contest pleas,' actually defines the effect of the plea." *Jones*. Thus, "for a no contest plea, a defendant must be informed that the plea of no contest is not an admission of guilt but is an admission of the truth of the facts alleged in the complaint, and that the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Id., citing Traf.R. 10(B)(2) and Crim.R. 11(B)(2). The Ohio Supreme Court held that "to satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)." Id., paragraph two of the syllabus.

**{¶ 18}** A review of the record quoted above reveals that while the trial court did state "the corporation in the criminal cases that are before us

would be entering a plea of no contest, which is not an admission of guilt, but an admission that the violations did exist," the court failed to further explain that the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding. Crim.R. 11(B)(2). Accordingly, the trial court failed to comply with Crim.R. 11(E).

{¶ 19} Notwithstanding the court's failure to take a plea of no contest and its failure to comply with Crim.R. 11(E), the court purported to find Paramount guilty without any explanation of circumstances, as required by R.C. 2937.07, which provides:

> "A plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. If the offense to which the accused is entering a plea of 'no contest' is a minor misdemeanor, the judge or magistrate is not required to call for an explanation of the circumstances of the offense, and the judge or magistrate may base a finding on the facts alleged in the complaint."

{¶ 20} Although all cases but Case Nos. 2008CRB37072 and 2009CRB03590 involved minor misdemeanors and, therefore, required no explanation of circumstances, the two cases cited involved multiple violations, including first degree misdemeanors, fourth degree misdemeanors, unclassified misdemeanors, and minor misdemeanors. Accordingly, Paramount alleges the court was required to base its finding of

guilt on an explanation of circumstances.

{¶ 21} "Section 2937.07 confers a substantive right on the accused to be discharged by a finding of not guilty where the 'explanation of circumstances' that the statute requires fails to establish all of the elements of the offense," or where no explanation of circumstances is made at all. *State v. Keplinger* (Nov. 13, 1998), Greene App. No. 98-CA-24; *State v. Osterfeld*, Montgomery App. No. 20677, 2005-Ohio-3180. The state bears the burden to ensure that an explanation of circumstances appears on the record before a conviction is entered. *Osterfeld.* Although R.C. 2937.07 does not define the phrase "explanation of circumstances," it requires evidence sufficient to demonstrate the accused's criminal liability for the offense charged. Id.

{¶ 22} In the present case, the record is devoid of any explanation of circumstances before the trial court found Paramount guilty. In opposition to this conclusion, the city suggests that the complaints and the tickets filed provide sufficient information to support a finding of guilt by the trial court. We disagree with the city's argument.

{¶ 23} The "explanation of circumstances" that R.C. 2937.07 requires is not satisfied by a presumption that the court was aware of facts that may be gleaned from a review of "the available documentation." *Cuyahoga Falls v. Bowers* (1984), 9 Ohio St.3d 148, 459 N.E.2d 532. "Rather, an 'explanation

of circumstances' necessarily, involves, at a minimum, some positive recitation of facts which, if the court finds them to be true, would permit the court to enter a guilty verdict and a judgment of conviction on the charge to which the accused has offered a plea of no contest." *Keplinger*; *Bowers.* Lacking that, the defendant must be found not guilty.   Id.

{¶ 24} A review of the record of the plea proceeding reveals that no explanation of circumstances of any kind concerning the charges facing Paramount was made before the court erroneously entered the no contest plea and found Paramount guilty.

{¶ 25} All in all, there was a complete failure on the part of the trial court to comply with Crim.R. 11.   Not only did the trial court fail to take a plea of no contest, the court also failed to inform Paramount of the effect of the plea as required by Crim.R. 11(E) and it failed to elicit an explanation of circumstances before it found Paramount guilty as required by R.C. 2937.07.   As such, Paramount's plea and sentence must be vacated.  *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462; *Buckwald.*

{¶ 26} Paramount's first, second, and third assignments of error are sustained.   Our analysis of these assignments of error renders Paramount's remaining assignments of error moot.

{¶ 27} The judgment of the trial court is reversed and the case is

remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR

APPENDIX

Assignments of Error:

"I. The trial court committed reversible error in failing to have the defendant-appellant enter a valid plea, in violation of the United States and Ohio Constitutions and Ohio Crim.R. 11."

"II.  Defendant-appellant did not knowingly and voluntarily waive its constitutional rights with full knowledge of the maximum penalty included as required by Ohio Crim.R. 11(C)(2)(a)."

"III.  The trial court failed to make a finding of guilt based on an explanation of the circumstances of the offense in violation of Ohio R.C. 2937.07."

"IV.  The trial court failed to advise the defendant-appellant that it had a right to confront witnesses against it."

"V.  The total fine of $1,059,000.00 is excessive, unrelated, and grossly disproportionate to the offense to which defendant-appellant pled no contest, and constitutes an excessive fine in violation of the defendant-appellant's rights as guaranteed by the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution."

"VI.  The defendant-appellant's numerous/multiple convictions for building and housing code violations involved allied offenses of similar import, thus precluding the trial court's imposition of multiple sentences."