[Cite as *State v. Wieckowski*, 2011-Ohio-5567.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

STATE OF OHIO                          :
                                       :     Appellate Case No. 2010-CA-111
         Plaintiff-Appellee            :
                                       :     Trial Court Case Nos. 10-CRB-962
v.                                     :                         10-TRD-2238
                                       :
ZYGMUNT W. WIECKOWSKI                  :
                                       :     (Criminal Appeal from Clark County
         Defendant-Appellant      :          Municipal Court)
                                       :

. . . . . . . . . . 

O P I N I O N

Rendered on the 28th day of October, 2011.

. . . . . . . . . 

MICHAEL F. SHEILS, Atty. Reg. #0021678, City of Springfield Prosecutor's Office, 50 East Columbia Street, Springfield, Ohio 45502
         Attorneys for Plaintiff-Appellee

GEORGE KATCHMER, Atty. Reg. #0005031, 108 Dayton Street, Suite D, Yellow Springs, Ohio 45387
         Attorney for Defendant-Appellant

. . . . . . . . . 

HALL, J.

{¶ 1} In January 2010, while driving on a snow-covered Interstate 70, defendant-appellant Zygmunt Wieckowski lost control of his tractor-trailer, crossed the median, and hit an oncoming vehicle head on, killing four of the vehicle's passengers. In

Clark County Municipal Court, Wieckowski pleaded no contest to four charges of vehicular manslaughter, R.C. 2903.06(A)(4), each a second-degree misdemeanor. The municipal court fined him a total of $3,000 and sentenced him to an aggregate 30 days in jail.[1]

{¶ 2}   Wieckowski appealed. He now assigns two errors for our review.

**First Assignment of Error**

{¶ 3}   "THE CONVICTION IN THIS CASE WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND THE COURT FAILED TO APPLY THE CORRECT PRINCIPLES OF LAW CONCERNING DUE CARE AND PROXIMATE RESULT."

{¶ 4}   On a plea of no contest to a misdemeanor offense, R.C. 2937.07 provides that a court may find the defendant guilty or not guilty based on "the explanation of the circumstances of the offense."[2] The explanation requirement "contemplates some explanation of the facts surrounding the offense [so] that the trial court does not make a finding of guilty in a perfunctory fashion." *State v. Buennagel*, Greene App. No. 2010 CA 74, 2011-Ohio-3413, at ¶18, citing *Cuyahoga Falls v. Bowers* (1984), 9 Ohio St.3d 148, 151. The statute gives "[a] defendant who pleads no contest [] a substantive right to be acquitted where the state's statement of facts fails to establish all of the elements of the offense." *State v. Gilbo* (1994), 96 Ohio App.3d 332, 337 citing *Bowers*, 150. Therefore, the explanation "necessarily involves, at a minimum, some positive recitation of facts which, if the court finds them to be true, would permit the court to enter a guilty verdict and a judgment of conviction on the

---

[1] For each charge the municipal court imposed a $750 fine and a 90-day, concurrent jail sentence, 60 days suspended.

[2] "A plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense.* * *" R.C. 2937.07. This section was amended on September 17, 2010, after Wieckowski entered his August 18, 2010 plea, but the amendment did not change the statute in a way that is relevant here.

charge to which the accused has offered a plea of no contest." *State v. Osterfeld*, Montgomery App. No. 20677, 2005-Ohio-3180, at ¶6 (Citation omitted.). An explanation that merely restates the statutory elements of the offense is not sufficient. *State v. McGlothin* (Feb. 10, 1993), Montgomery App. No. 13460.

{¶ 5} Here the prosecuting attorney offered this explanation of the circumstances surrounding the four vehicular-manslaughter charges:

{¶ 6} "* * * On January 7th of this year, 2010, Mr. Wieckowski was operating a motor vehicle, a semi-tractor trailer heading westbound on Interstate 70 and in what I would characterize as horrible weather conditions. It was snowing heavily and the road conditions were pretty treacherous. And Mr. Wieckowski lost control of his semi-tractor trailer rig and as a result of the loss of control, crossed the median and struck two vehicles that were headed eastbound on Interstate 70. The first vehicle was really, just glanced by Mr. Wieckowski's semi. However, the second vehicle sustained a direct frontal impact and it was, as a result, the loss of four lives and several other individuals had some serious injury.

{¶ 7} "The Revised Code indicates that no person, while operating a motor vehicle, shall cause the death of another as the proximate result of a violation of any section of Title 45 of the Revised Code that is a minor misdemeanor. And with respect to the four counts before the Court this afternoon, the minor–the underlying minor misdemeanors that the State alleges were violated was speed unreasonable for the conditions pursuant to 4511.21(A) and also failure to control a motor vehicle pursuant to 4511.202. Both of those offenses are minor misdemeanors under Title 45 of the Revised Code. As a result of these violations, the four

lives lost were those of [the victims'] * * *." (Plea Tr. 4-5).[3]

{¶ 8}  A person is guilty of vehicular manslaughter if, while driving a motor vehicle, that person commits one of the minor misdemeanors defined in the Motor Vehicles Title of the Revised Code and as a proximate result of the offensive conduct someone dies. R.C. 2903.06(A)(4).[4] Wiecknowski contends that the state's explanation fails to demonstrate that he committed the minor misdemeanor defined in R.C. 4511.21, driving unreasonably fast for the conditions. He further contends that, even if the state's explanation does demonstrate that he committed a minor misdemeanor, the explanation fails to demonstrate that the four deaths were the proximate result.

{¶ 9}  Under R.C. 4511.21, it is a minor misdemeanor for a person to drive faster than is "reasonable or proper" given the road conditions. See R.C. 4511.21(A).[5] There is evidence in the record that the data recorder in Wieckowski's truck showed that, just before the crash, the truck's speed was 57 miles an hour. The prosecuting attorney did not cite this information in its explanation, though, saying nothing specific about how fast Wieckowski was driving. "The question is not whether the court could have rendered an explanation of circumstances sufficient to find appellant guilty based on the available documentation but whether the court made the necessary explanation * * *, notwithstanding the availability of documentary

---

[3]While defendant-appellant did not object to the adequacy of the prosecuting attorney's explanation, we have held that a no-contest plea in a misdemeanor case preserves the sufficiency-of-the-evidence issue for appeal. See *Osterfeld*, at ¶8.

[4]"No person, while operating or participating in the operation of a motor vehicle, * * * shall cause the death of another * * * [a]s the proximate result of committing a violation of any provision of any section contained in Title XLV of the Revised Code that is a minor misdemeanor * * *." R.C. 2903.06(A).

[5]"No person shall operate a motor vehicle * * * at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit the person to

evidence that might have been the basis for meeting the statutory requirement." *Bowers*, at 151. However, we do not need to determine whether it is necessary for the prosecutor to refer to any actual speed when the statute requires a "reasonable or proper" speed for the conditions. The prosecutor explained that defendant lost control and his vehicle crossed the median and struck two vehicles, including the vehicle in which the deaths occurred. From that, the court could conclude that defendant operated his tractor-trailer "without being in reasonable control of the vehicle," R.C. 4511.202(A), and that as a proximate result of committing that offense, defendant caused the deaths of the four victims, R.C. 2903.06(A)(4).

{¶ 10} Consequently, R.C. 4511.202 serves the predicate-offense role.[6]

{¶ 11} Wieckowski argues that the state's explanation failed to support vehicular manslaughter's "proximate result" element. He contends that the explanation fails to demonstrate that his loss of control proximately resulted in the four deaths. This court has addressed the proximate result element in the structurally identical felony-murder statute, R.C. 2903.02(B).[7] In that context, this court concluded, based on its causation language, that the felony-murder statute imposes the proximate-cause (as opposed to "agency") standard of criminal responsibility. Applying this standard to felony murder, this court previously said that "Defendant can be held criminally responsible for the killing * * * so long as the death is the 'proximate result' of Defendant's conduct in committing the underlying felony offense; that

---

bring it to a stop within the assured clear distance ahead." R.C. 4511.21(A).

[6]"No person shall operate a motor vehicle * * * on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle * * *." R.C. 4511.202(A).

[7]"No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised Code." R.C. 2903.02(B).

is, a direct, natural, reasonably foreseeable consequence, as opposed to an extraordinary or surprising consequence, when viewed in the light of ordinary experience." *State v. Dixon* (Feb. 8, 2002), Montgomery App. No. 18582, citing *State v. Bumgardner* (August 21, 1998), Greene App. No. 97-CA-103. "'Generally, for a criminal defendant's conduct to be the proximate cause of a certain result, it must first be determined that the conduct was the cause in fact of the result, meaning that the result would not have occurred 'but for' the conduct. Second, when the result varied from the harmed intended or hazarded, it must be determined that the result achieved was not so extraordinary or surprising that it would be simply unfair to hold the defendant criminally responsible for something so unforeseeable.'" Id., quoting LaFave & Scott, Criminal Law (1972) 246, Section 35.

{¶ 12} Here, obviously, four people would not have died when they did but for Wieckowski losing control of his tractor-trailer, crossing the median and colliding with oncoming traffic. It is not necessary that the precise consequences of the conduct be foreseeable but only that what actually transpired was naturally and logically within the scope of the risk created by the conduct. *Dixon*. This standard is satisfied here. And it is not unfair to hold Wieckowski criminally liable. In a negligence-per-se case based on violations of R.C. 4511.25 and 4511.26, relating to driving on the right side of the road, the Ohio Supreme Court held that a driver may be responsible when bad road conditions cause the driver's vehicle to skid into the left lane:

{¶ 13} "Skidding upon wet or icy roadway pavement is a circumstance within the power of motorists to prevent. Bad road conditions, alone, should not excuse a driver from the mandatory requirements of Sections 4511.25 and 4511.26, Revised Code.

{¶ 14} "It is unquestionably true that under the usual test of foreseeability the holding of defendant responsible for the act of skidding on a random ice patch on an otherwise clear highway is a harsh result. However, the operator of a motor vehicle is responsible for *keeping his vehicle under control and on his side of the road*. This is true irrespective of the condition of the road. Violation of Sections 4511.25 and 4511.26, Revised Code, is negligence per se. It follows that defendant must bear the loss, for it is her violation of those statutes that caused the loss." (Emphasis added.) *Oechsle v. Hart* (1967), 12 Ohio St.2d 29, 34. This rationale applies with equal force when road conditions contribute to violations of other traffic laws, like the reasonable-control requirement in R.C. 4511.202.

{¶ 15} Here the state's explanation demonstrates that Wieckowski failed to maintain control of his tractor-trailer when his tractor-trailer crossed the median into oncoming traffic, which resulted in a head-on collision with another vehicle. In light of ordinary experience, the deaths were a natural and logical consequence of Wieckowski's failure to control his tractor-trailer. Therefore the state's explanation of the circumstances of Wieckowski's offenses is sufficient to support the trial court's finding of guilty on the four vehicular-manslaughter charges.

{¶ 16} The first assignment of error is overruled.

**Second Assignment of Error**

{¶ 17} "R.C. 2903.06((a)(4) [sic] USED IN CONJUNCTION WITH A STRICT LIABILITY STATUTE IS UNCONSTITUTIONAL AS A DEPRIVATION OF DUE PROCESS OF LAW."

{¶ 18} Wieckowski argues that "[i]f a strict liability offense may be used without any

inquiry into the foreseeability and proximate nature of the result in such a case, then a defendant is arbitrarily foreclosed from being heard in a meaningful way." Appellant's Brief, p.8. We perceive that argument to be a further explanation of the second assignment of error which contends that the vehicular manslaughter statute is unconstitutional because the predicate offense is one of strict liability. This question was answered by the Ohio Supreme Court in *State v. Weitbrecht*, 86 Ohio St. 3d 368, 1999-Ohio-113. There the defendant was indicted for two counts of involuntary manslaughter in violation of R. C. 2903.04(B), both felonies of the third degree. Like the vehicular manslaughter in this case, the involuntary manslaughter in that case was based on any of four minor misdemeanor traffic offenses, one of which was violation of R.C. 4511.202, operation without reasonable control. The Supreme Court held that having a minor misdemeanor as a predicate offense is not a violation of the cruel and unusual punishment provisions of either the United States or the Ohio Constitutions. Likewise, we conclude that the first degree misdemeanors in this case are not an unconstitutional denial of due process simply because the predicate offenses are minor misdemeanors.

**{¶ 19}** The second assignment of error is overruled.

**{¶ 20}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J., concurs.

GRADY, P.J., concurring:

**{¶ 21}** The gist of Defendant-Appellant's second assignment of error is that a strict liability offense deprives an accused of the opportunity to be heard that due process of law

requires, because the conduct involved is conclusive of guilt.

{¶ 22} There are two requirements for criminal liability: (1) factual causation and (2) legal (proximate) causation.

{¶ 23} For factual causation, the accused must cause the specific result; that is, the result would not have occurred absent the conduct. The test is essentially a "but for" test. No proof of mens rea is required.

{¶ 24} The legal or proximate causation test is a foreseeability test; a person is criminally liable if the harm caused should have been foreseen as being reasonably related to his acts. The Model Penal code provides that causation is established if "the actual result involves the same kind of injury or harm as that designated or contemplated and is not too remote or accidental in its occurrence to have a [just] bearing on the actor's liability or on the gravity of his offense." Model Penal code, §2.03(2)(b).

{¶ 25} R.C. 4511.21(A), which prohibits unreasonable speed, and R.C. 4511.202, failure to control, are strict liability offenses. They and other predicate minor misdemeanor offenses that R.C. 2903.06(A)(4) identifies are proof of factual causation of the offense of vehicular manslaughter which that section defines. However, R.C. 2903.06(A)(4) is not a strict liability offense. By its terms, that section requires further proof that "[a]s a proximate result of committing" the predicate offense the offender caused the death of another. That proof establishes the element of legal causation, but the defendant's guilt is contingent on a finding of foreseeability. The accused has a full opportunity to be heard regarding that issue, and therefore not denied his right of due process.

. . . . . . . . . . . . . .

Copies mailed to:

Michael F. Sheils
George Katchmer
Hon. Catherine M. Barber (sitting by assignment)