[Cite as *State v. Kubisen*, 2017-Ohio-8781.]

STATE OF OHIO   )     IN THE COURT OF APPEALS
         )ss:    NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

STATE OF OHIO         C.A. No.  16CA011065

  Appellant

  v.            APPEAL FROM JUDGMENT
               ENTERED IN THE
BART KUBISEN        COURT OF COMMON PLEAS
               COUNTY OF LORAIN, OHIO
  Appellee        CASE No.  16CR093865

DECISION AND JOURNAL ENTRY

Dated: December 4, 2017

CALLAHAN, Judge

{¶1} Plaintiff-Appellant, State of Ohio, appeals from the decision of the Lorain County Common Pleas Court which found Defendant-Appellee, Bart Kubisen, eligible for Intervention In Lieu of Conviction ("ILC"). This Court reverses.

I.

{¶2} Mr. Kubisen was indicted for one count of theft, a fifth degree felony. As the case proceeded through the pretrial process, Mr. Kubisen applied for ILC. The trial court referred Mr. Kubisen to the probation department for an interview and report, and Mr. Kubisen later appeared before the court for an eligibility hearing. At the eligibility hearing, Mr. Kubisen provided a letter to the court and to the State from Psych & Psych which contained information related to Mr. Kubisen's alcohol use. Over objection by the State, the trial court found Mr. Kubisen eligible for ILC and permitted him to enter the program.

II.

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT-APPELLEE BART KUBISEN WAS ELIGIBLE FOR INTERVENTION IN LIEU OF CONVICTION.

**{¶3}** In its sole assignment of error, the State contends that Mr. Kubisen was not eligible for ILC because he never filed a written assessment with the court, as required by R.C. 2951.041(B)(4), and he did not show that alcohol was a factor leading to his criminal offense, as required by R.C. 2951.041(B)(6).

**{¶4}** Initially, this Court notes a more fundamental error that limits our ability to reach the State's arguments in that it impacts the entire ILC process. R.C. 2951.041(C) provides that if the court finds the offender eligible for ILC and grants the offender's request, "the court shall accept the offender's plea of guilty[.]" This Court notes that the transcript lacks any indication that Mr. Kubisen ever entered a guilty plea.

**{¶5}** Generally, an analysis of a plea under Crim.R. 11 entails determining whether a trial court strictly complied when explaining the constitutional rights enumerated in the rule and substantially complied when explaining the nonconstitutional rights. "Because Crim.R. 11(C)(2)(c) deals with the waiver of constitutional rights, strict compliance with the rule is required." *State v. Jordan*, 9th Dist. Summit No. 27690, 2015-Ohio-4354, ¶ 5. "Meanwhile, 'Crim.R. 11(C)(2)(a) and 11(C)(2)(b) deal with nonconstitutional notifications, and substantial compliance by a trial court during a plea colloquy is sufficient.'" *State v. Battle*, 9th Dist. Summit No. 27549, 2016-Ohio-2917, ¶ 8, quoting *Jordan* at ¶ 5.

**{¶6}** Here, this Court need not engage in either analysis because, at its most basic level, the court failed to comply with Crim.R. 11 in that it never elicited a guilty plea from Mr.

Kubisen. *See State v. Johnson*, 9th Dist. Summit No. 27550, 2016-Ohio-480, ¶ 10, citing *Cleveland v. Paramount Land Holdings, L.L.C.*, 8th Dist. Cuyahoga No. 95448, 2011-Ohio-3383, ¶ 13. *See also Cleveland v. McCoy*, 8th Dist. Cuyahoga No. 90763, 2009-Ohio-2247, ¶ 10, 12 (defendant "never actually entered any plea" where she "was never asked how she pleaded to the charge"). The most basic premise of Crim.R. 11(C) is that a defendant enter a guilty (or no contest) plea and, thereafter, the court accept the plea.

{¶7} Here, after asking Mr. Kubisen questions regarding his understanding of the rights he would be giving up by entering a guilty plea, the trial court concluded:

> THE COURT:  Do you understand when you plead guilty like you are doing now, you waive these important constitutional protections?
>
> [MR. KUBISEN]:  Yes.
>
> THE COURT: Any questions for me on your plea?
>
> [MR. KUBISEN]:  No.
>
> THE COURT:  Let the record reflect the defendant was here with counsel in open court.  He was informed of all his constitutional rights and has made a knowing, intelligent and voluntary waiver of those rights.  I also find he understands the nature of the charge against him, the effect of his plea as well as the maximum penalties that could be given.  Finding it to be voluntarily (sic), the Court accepts the plea but there is no finding of guilt at this time as the defendant has applied for and been admitted into the intervention in lieu of conviction program.

{¶8} Although the trial court explained the rights that Mr. Kubisen was waiving, the court never asked him to enter a plea.  Because Mr. Kubisen never entered a guilty plea, the trial court had no plea before it to "accept" and was without any authority to enter the plea.  *See Paramount Land Holdings* at ¶ 12.  Even though the judgment entry indicates Mr. Kubisen pled guilty, the transcript reveals that he did not do so.

{¶9} Moreover, although during the eligibility hearing Mr. Kubisen's attorney stated, "at this time [Mr. Kubisen] wishes to withdraw his formerly entered plea of not guilty [and] enter

a plea of guilty to the indictment[,]" and the trial court asked Mr. Kubisen if he "under[stood that his] attorney just offered a plea of guilty to [the] indictment[,]" that discourse is not a substitute for Mr. Kubisen himself entering his guilty plea in open court, nor is Mr. Kubisen's written plea agreement. *See State v. Caudill*, 48 Ohio St.2d 342, 346-347 (1976) (an attorney's representations and a written document cannot take the place of the court's personal inquiry of the defendant).

{¶10} Because this Court finds that a guilty plea cannot be accepted under Crim.R. 11 unless the defendant actually pleads guilty in court, Mr. Kubisen's failure to do so in this case renders his subsequent admission into ILC invalid. As such, we are unable to address the merits of the State's arguments and the matter is reversed and remanded for proceedings consistent with this opinion.

III.

{¶11} This Court expresses no opinion on the merits of the State's assignment of error, but reverses and remands this matter on the alternative basis set forth above.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
LYNNE S. CALLAHAN
FOR THE COURT


SCHAFER, P. J.
CARR, J.
CONCUR.


APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellant.

GIOVANNA V. SCALETTA-BREMKE, Attorney at Law, for Appellee.