[Cite as *State v. Fields*, 2017-Ohio-400.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   2016-CA-5 |
| | : | |
| v. | : | T.C. NO. 15CRB1189 |
| | : | |
| RYSHONDA D. FIELDS | : | (Criminal Appeal from |
| | : |  Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___3rd___ day of ____February____, 2017.

. . . . . . . . . . .

RONALD LEWIS, Atty. Reg. No. 0061980, Law Department, 101 N. Detroit Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

ANDREA G. OSTROWSKI, Atty. Reg. No. 0075318, 20 S. Main Street, Springboro, Ohio 45066
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Ryshonda D. Fields pled no contest in the Xenia Municipal Court to failure to pay Xenia income tax, in violation of Xenia Codified Ordinances 880.12(a)(3), a first-degree misdemeanor.   The trial court imposed a suspended 30-day jail sentence and a $75 fine, and ordered her to pay court costs.

{¶ 2} Fields appeals from her conviction, claiming that the trial court erred in denying her motion to dismiss, that the trial court erred in finding her guilty on her no contest plea, and that her attorney rendered ineffective assistance. For the following reasons, the trial court's judgment will be reversed, and the matter will be remanded for further proceedings.

## I. Factual and Procedural History

{¶ 3} The trial court set forth the following underlying facts following a hearing on Fields's motion to dismiss the complaint.

{¶ 4} Fields was a single mother with four minor children. She had lost her teaching position due to budget cuts and went to the local Rotary Club for help during the holidays. There, Fields met Diane Toby, who bought Fields's entire family Christmas presents for the next three years.

{¶ 5} Fields was a "huge fan" of Ellen DeGeneres, and she wrote to The Ellen DeGeneres Show asking Ellen to help her (Fields) show appreciation to Toby. Thereafter, in 2013, the producers of The Ellen DeGeneres Show flew Fields and her children to Los Angeles to attend the show. Unbeknownst to Fields, Toby was also flown to Los Angeles for a surprise reunion with Fields and her children.

{¶ 6} During a segment of the show, the reunion took place on stage, and Fields was given $55,000. At the time, the sum was stated as being $10,000 for each of the four children to help pay for college, $10,000 to help Fields finish her Master's Degree, and $5,000 to help Fields pay her bills. The money was received from the website Shutterfly.com.

{¶ 7} For tax year 2013, Shutterfly issued an IRS Form 1099-Miscellaneous

Income to Fields. Fields alone was listed as the recipient, and $55,000 was listed in Box 7, Nonemployee Compensation. Fields had her 2013 federal, state, and city income tax returns prepared by a volunteer. The $55,000 sum was reported as income on all three returns, and a tax liability is still owing on each of the returns, which Fields has been unable to pay.

{¶ 8} On July 9, 2015, Fields was charged by complaint for "knowingly failing or refusing to pay the tax, penalties or interest imposed by the Xenia Ordinances related to income tax (Chapter 880) for tax year 2013," in violation of Xenia Codified Ordinances 880.12(a)(3). A "Report to the Judge or Prosecutor," prepared by a representative of the Xenia Tax Division, was filed contemporaneously with the complaint. It provided the following additional information:

- 2013 Return was filed on April 15, 2014

- First non-payment notice sent June 2, 2014

- Second non-payment notice sent July 1, 2014

- Final notice before submission to collection agency or court summons sent August 4, 2014

- Submitted to collection agency on September 17, 2014

- No payments received

- Current balance due is $1,758.61

- Charges requested

{¶ 9} Fields initially pled guilty to the charge, but was permitted to withdraw her plea.

{¶ 10} On November 3, 2015, on the advice of counsel, Fields attempted to file an

amended tax return with the City of Xenia, reflecting that the $55,000 was a gift and that no tax was due. (Fields later testified at the hearing on her motion to dismiss that the amended return was not accepted.)

{¶ 11} On November 13, 2015, Fields filed a motion to dismiss the case. Her supporting memorandum stated, "Ms. Fields timely filed her 2013 Xenia City Tax return on April 15, 2014. In error she reported $55,000.00 that she and her children received as a gift/charitable from Ellen DeGeneres. * * * Counsel directed Ms. Fields to file an Amended 2013 City Tax return (Exhibit C) which more accurately reflects the factual circumstances herein. Based upon this Amended Return there is no tax due." Attached to the motion were copies of two newspapers relating to Fields's family's participation on the Ellen DeGeneres Show and a copy of her proposed Amended 2013 Xenia City Income Tax Return.

{¶ 12} The trial court set a hearing "to allow Counsel for the parties to provide further argument (with supporting case law or other documentation) as to whether the $55,000 at issue herein is 'Nonemployee Compensation,' a 'Gift,' a 'Charitable Contribution,' or has some other legal status."

{¶ 13} After hearings on November 23 and December 16, the trial court overruled the motion to dismiss. The trial court reasoned:

The Court will state at the outset that, after watching the YouTube video [of the Ellen DeGeneres Show episode with Fields], it certainly does not seem that the $55,000 Defendant received was "Nonemployee compensation." It appears to the Court the money was an unexpected gift to help Defendant and her children.

With that said, the Court is faced with City's Exhibit 1, the IRS Form 1099-Misc which clearly lists Defendant as the sole recipient of $55,000 for "Nonemployee compensation." This Court is unaware of any case law that authorizes it to change the characterization of the money as reported to the IRS by the payer, Shutterfly, Inc. It would seem any change would need to occur at the behest of Shutterfly Inc.

"Nonemployee compensation" is taxable income as defined in Court's Exhibit 1. Accordingly, the Court must OVERRULE Defendant's Motion to dismiss.

{¶ 14} On January 4, 2016, Fields pled no contest to the charge of failure to pay income tax. The trial court found her guilty and imposed a fine of $75 and 30 days in jail, all of which were suspended on the conditions that she (1) have no further violations within five years and (2) sign and comply with a "pay agreement" with the Xenia Tax Department. Fields was ordered to pay court costs.

{¶ 15} Fields appeals from her conviction, raising three assignments of error.

## II. Motion to Dismiss

{¶ 16} In her first assignment of error, Fields claims that the trial court erred in denying her motion to dismiss.

{¶ 17} "The purpose of an indictment [or complaint] is to give the accused adequate notice of the crime charged." *See State v. Cassel*, 2016-Ohio-3479, 66 N.E.3d 318, ¶ 19 (2d Dist.). A complaint must contain "a written statement of the essential facts constituting the offense charged," and "the numerical designation of the applicable statute or ordinance." Crim.R. 3. A complaint must be "made upon oath before any person

authorized by law to administer oaths." *Id.*

{¶ 18} Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. Crim.R. 12(C); *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406, ¶ 22. In other words, a motion to dismiss "tests the sufficiency of the indictment [or complaint], without regard to the quantity or quality of evidence that may be produced by either the state or the defendant." *State v. Patterson*, 63 Ohio App.3d 91, 95, 577 N.E.2d 1165 (2d Dist.1989). If the allegations contained in the indictment or complaint constitute offenses under Ohio criminal law, it is premature to determine, in advance of trial, whether the State could satisfy its burden of proof with respect to those charges. *Id.*

{¶ 19} We review de novo a trial court's decision on a motion to dismiss. *See Cassel* at ¶ 15. "De novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Clay*, 2d Dist. Miami No. 2015-CA-17, 2016-Ohio-424, ¶ 5.

{¶ 20} The City of Xenia levies a tax on "qualifying wages, compensation for personnel services, other income, including gambling and lottery winnings and net profits, and/or adjusted federal taxable income" in order to "provide funds for the purposes of capital improvements, general municipal operations, maintenance, new equipment, extension and enlargement of municipal services and facilities of the city." Xenia Codified Ordinances 880.01. Taxable income is defined as:

> Qualifying wages paid by an employer or employers, compensation for
> personal services, other income defined by statute as taxable, including all

income received as gambling winnings as reported on IRS Form W-2G, Form 5754 and or any other form required by the IRS that reports winnings from gambling, prizes, and lottery winnings and net profits, and/or adjusted federal taxable income from the operation of a business, profession, or other enterprise or activity adjusted in accordance with the provisions of this chapter.

Xenia Codified Ordinances 878.01.

{¶ 21} Fields was charged with a violation of Xenia Codified Ordinances 880.12(a), which provides that "[n]o person shall * * * (3) Knowingly fail or refuse to pay the tax, penalties or interest imposed by this chapter."

{¶ 22} In her motion to dismiss, Fields challenged whether she, in fact, owed any income tax in 2013. She asserted that the basis for the alleged city income tax -- the $55,000 received from Shutterfly.com via the Ellen DeGeneres Show – was a gift, not taxable income. In essence, Fields attempted to obtain a dismissal of the charges on the ground that the State could not prove the underlying premise of the charge – that income taxes were properly imposed and due.

{¶ 23} Because Fields's basis for her motion to dismiss challenged the State's ability to prove its case, Fields's motion raised a general issue for trial, which was not a proper basis for a motion to dismiss. For this reason, albeit different from the rationale relied on by the trial court, the trial court did not err in denying Fields's motion to dismiss.

{¶ 24} We question the trial court's determination that it was bound to the categorization of the $55,000 as nonemployee compensation, as stated on the 1099-Miscellaneous Income form, considering that it was Shutterfly that selected that

categorization and the form could have been amended if it were incorrect. However, this issue would have been more properly raised at trial in response to any evidence by the State that Fields owed income tax.

{¶ 25} Fields's first assignment of error is overruled.

### III. Defendant's No Contest Plea

{¶ 26} Fields's second assignment of error claims that the "trial court erred when it found [her] guilty after she entered a no contest plea." Fields claims that there was no evidence that her non-payment was a "willful" failure or refusal. She notes that the trial court found that she was unable to pay the tax liability, and she asserts the failure to pay taxes, when based on an inability to pay, is insufficient to support her conviction.

{¶ 27} The requirements for a no contest plea in felony cases differ from those for a no contest plea in misdemeanor cases. Pursuant to R.C. 2937.07, the trial court in a misdemeanor case is required to hear an explanation of the circumstances surrounding the offense and then determine whether the facts are sufficient to convict on the misdemeanor offense. *See State v. Adams*, 2d Dist. Montgomery No. 22493, 2009-Ohio-2056, ¶ 14. The Supreme Court of Ohio has held that "the provision in R.C. 2937.07 requiring an explanation of circumstances following a plea of no contest [in a misdemeanor case] has not been superseded by the enactment of Crim.R. 11 because the statutory provision confers a substantive right." *Cuyahoga Falls v. Bowers,* 9 Ohio St.3d 148, 151, 459 N.E.2d 532 (1984).

{¶ 28} "The statutorily required explanation of circumstances does not mandate that sworn testimony be taken but instead only contemplates some explanation of the facts surrounding the offense [so] that the trial court does not make a finding of guilty in

a perfunctory fashion." *State v. Jasper*, 2d Dist. Greene No. 2005 CA 98, 2006-Ohio-3197, ¶ 32, citing *Bowers*, 9 Ohio St.3d at 151. The explanation "necessarily involves, at a minimum, some positive recitation of facts which, if the court finds them to be true, would permit the court to enter a guilty verdict and a judgment of conviction on the charge to which the accused has offered a plea of no contest." *State v. Osterfeld*, 2d Dist. Montgomery No. 20677, 2005-Ohio-3180, ¶ 6. An explanation that merely restates the statutory elements of the offense is insufficient. *State v. Wieckowski*, 2d Dist. Clark No. 2010-CA-111, 2011-Ohio-5567, ¶ 4. And, the explanation of circumstances requirement "is not satisfied by a presumption that the court was aware of facts which may be gleaned from a review of 'the available documentation.' " *State v. Keplinger*, 2d Dist. Greene No. 98-CA-24, 1998 WL 864837, *3 (Nov. 13, 1998), quoting *Bowers*, 9 Ohio St.3d at 151.

**{¶ 29}** We recognize that many districts permit a waiver of the explanation of circumstances requirement. *See State v. Schornak*, 2015-Ohio-3383, 41 N.E.3d 168, ¶ 12 (2d Dist.) (citing cases from other districts that permit waiver of the explanation of circumstances). Nevertheless, we have held that a defendant's stipulation of guilt upon pleading no contest does not, by itself, waive the requirement. *Id.*; *State v. Roland*, 2d Dist. Champaign No. 2005 CA 39, 2006-Ohio-3517.

**{¶ 30}** During the plea hearing, the following exchange occurred regarding the nature of a no contest plea and the factual circumstances regarding Fields's plea:

THE COURT: Do you also understand if you plead guilty, that's a complete admission of – I'm sorry, back up. Do you understand if you plead no contest, while you're not admitting wrongdoing, you are admitting the facts set forth in the complaint. I will review it. If it states the elements of the

offense, I'll make a finding of guilty but nothing that happens here today could be used against you in any future criminal or civil litigation; do you understand?

THE DEFENDANT: Yes.

THE COURT: An additional legal consequence, if you plead no contest and I find you guilty, you still have any appeal rights available to you. Do you understand that?

THE DEFENDANT: Yes, sir, I do.

THE COURT: Stipulate and waive, [defense counsel]?

[DEFENSE COUNSEL]: Yes, your Honor.

THE COURT: [Defense counsel] has indicated he's willing to stipulate, in other words, he's willing to agree for purposes of today's hearing only that there are sufficient circumstances upon which I can make a finding of guilty and in fact I'd make that finding; and he is waiving, he is giving up your right to have those circumstances read into the record. Do you understand?

THE DEFENDANT: Yes.

THE COURT: And do you give [defense counsel] your specific consent to make that stipulation and waiver for purposes of today's hearing only?

THE DEFENDANT: Yes, your Honor.

THE COURT: Then to failing to file and/or pay your Xenia city income tax for tax year 2013, how do you plead?

THE DEFENDANT: No contest.

THE COURT: Based upon your no contest plea and [defense counsel's]

stipulation and waiver with your specific consent, I will make a finding of guilty. Additionally, the Court has independently reviewed the complaint and attached documentation and there are sufficient circumstances to make the finding that the Court has made of guilty.

{¶ 31} In this case, Fields agreed to her counsel's stipulation to the existence of "sufficient circumstances upon which [the court] can make a finding of guilty." In *Schornak*, we found that a similar stipulation did not satisfy the explanation of circumstances requirement of R.C. 2937.07. However, Fields also agreed to waive her right to have those circumstances read into the record. In light of this waiver, we cannot say that the trial court erred in failing to make a "positive recitation of facts" that support the court's finding of guilt.

{¶ 32} Regardless, in this case, the trial court indicated that it had reviewed the complaint and the attached documentation. The complaint and affidavit tracked the language of the ordinance; it merely stated that, on or about April 15, 2014, Fields "DID, Knowingly failing or refusing to pay the tax, penalties or interest imposed by the Xenia Ordinances relating to income tax (Chapter 880) for tax year 2013; Contrary to and in violation of Xenia Ordinance 880.12(a)(3)." Additional documentation, however, indicated that Fields had been sent three non-payment notices (two, three, and four months after her return was timely filed) and that the tax liability was submitted to a collection agency on September 17, 2014. No payments had been received, and Fields owed $1,758.61. Based on the information in the record, which the trial court expressly indicated that it had relied upon in finding Fields guilty, there were sufficient facts to find Fields guilty of violating Xenia Codified Ordinances 880.12(a)(3).

{¶ 33} In reaching this conclusion, we reiterate what we stated in *Schornak*:

> In so holding, we note that it is immaterial that the trial court made the explanation of circumstances by independently relying on the aforementioned documentation as opposed to the documentation being submitted by the State. Again, there is no requirement in R.C. 2937.07 that the explanation of circumstances must come from the State. Rather, all that is required is that the trial court "make a finding of guilty or not guilty from the explanation of the circumstances of the offense." R.C. 2937.07. However, we reiterate that it is the State's burden to ensure that an explanation of circumstances appears on the record.

(Citations omitted.) *Schornak* at ¶ 18.

{¶ 34} Fields claims that the trial court erred in finding her guilty after concluding that she could not pay the tax that she owed. Fields did not argue to the trial court that her indigence precluded a finding of guilt, and she did not object to the factual bases of the court's finding.

{¶ 35} Fields's second assignment of error is overruled.

## IV. Ineffective Assistance of Counsel

{¶ 36} In her third assignment of error, Fields claims that her trial attorney rendered ineffective assistance. She claims that her attorney should have (1) worked with her to get an amended Form 1099-Miscellaneous Income, (2) sought a continuance, (3) offered "facts or circumstances after the no contest plea about [her] lack of intent to refuse to pay the taxes or how she could not be found guilty due to valid questions about taxes owed," (4) argued that she could not be found guilty and imprisoned for inability to pay, and (5)

not stipulated that there were sufficient circumstances upon which the trial court could make a finding of guilty on her no contest plea.

{¶ 37} In general, we review alleged instances of ineffective assistance of trial counsel under the two-pronged analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688.

{¶ 38} To establish ineffective assistance of counsel, a defendant must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the outcome of the case would have been different. *See id.*; *Bradley* at 142. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cook*, 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70 (1992); *State v. Rucker*, 2d Dist. Montgomery No. 24340, 2012-Ohio-4860, ¶ 58.

{¶ 39} First, based on the record before us, we cannot conclude that defense counsel's conduct fell below an objective standard of reasonableness due to counsel's alleged failure to help Fields obtain an amended 1099-Miscellaneous Income form. Fields's attorney was appointed to provide legal assistance in a criminal matter; counsel was not appointed to act as a tax attorney for Fields. Counsel's representation did not encompass assisting Fields with contacting Shutterfly to obtain an amended 1099 form.

**{¶ 40}** Second, Fields asserts that defense counsel rendered ineffective assistance by failing to seek a continuance. Even assuming, for sake of argument, that counsel's conduct was deficient, it is unknown whether Shutterfly would have agreed to amend the 1099 form, and we can only speculate whether the outcome of Fields's case would have been different. Accordingly, Fields has not demonstrated ineffective assistance of counsel on this basis.

**{¶ 41}** Third, defense counsel did not render ineffective assistance by failing to offer "facts or circumstances after the no contest plea about [Fields's] lack of intent to refuse to pay the taxes or how she could not be found guilty due to valid questions about taxes owed." By pleading no contest, Fields agreed that she "knowingly failed or refused" to pay the tax, and she was aware that the court would find her guilty based on her plea and the facts contained in the complaint and supporting documentation; Fields waived her ability to challenge whether she owed income tax.

**{¶ 42}** Fourth, Fields claims that her attorney acted deficiently when he stipulated that there were sufficient circumstances upon which to find her guilty.

**{¶ 43}** We question counsel's agreement to "stipulate and waive." The effect of the combined use of a general stipulation and waiver counteracts the protections of R.C. 2937.07 for misdemeanor defendants and fails to ensure that the court's finding of guilt on a defendant's no contest plea is other than perfunctory. In entering her no contest plea, Fields did not agree to a particular set of factual circumstances underlying the charge. Arguably, the stipulation could have encompassed facts that might have constituted a defense, such as Fields's inability to pay the alleged tax liability or the circumstances in which the money was provided on The Ellen DeGeneres Show.

Although Fields's counsel agreed that there were facts upon which the trial court *could* find her guilty, without a recitation of those facts or a stipulation to documentation in the record containing those facts, the court had no particular agreed-upon facts upon which to enter a finding of guilt.

{¶ 44} In this case, however, we cannot say that the "stipulation and waiver" created a reasonable probability that the outcome of the case would have been different. As stated above, the trial court indicated that it would review the complaint and attached documents in determining Fields's guilt. Based on those documents, there was sufficient circumstances from which the trial court could, and did, find her guilty.

{¶ 45} Finally, Fields claims that her counsel was ineffective by failing to argue that she could not be found guilty and imprisoned for her inability to pay the taxes due. The Sixth District summarized the law on this issue, as follows:

Section 15, Article I, of the Ohio Constitution forbids imprisonment for debt in a civil action. In *Cincinnati v. DeGolyer* (1971), 25 Ohio St.2d 101, at paragraph one of the syllabus, the Supreme Court of Ohio held that municipal income tax, due and unpaid, is a debt within the meaning of this constitutional provision. Nonetheless, the court further held that a sovereign could provide, by law, that a willful failure or refusal to pay taxes was a crime and impose sanctions, including imprisonment, for a violation of such a law. *DeGolyer*, *supra*, at 105-106. The *DeGolyer* court offered the following rationale in support of its finding:

"A sovereign may provide by its laws, that a wilful refusal to pay taxes constitutes a crime, and impose imprisonment for failure to pay taxes. *See*

1954 Internal Revenue Code, Chapter 75, Section 7203.  Such provision does not impose imprisonment for debt, but for the wilful [sic throughout] violation of the law.   It becomes a criminal act because one who is able to do so wilfully and intentionally refuses to comply with the laws of his sovereign.   Where one who is able to pay wilfully and intentionally fails or refuses to pay taxes, he is guilty of fraud against his government, and imprisonment therefor falls within the exception provided in the constitutional provision which excepts from the operation thereof debts arising from fraud.

"On the other hand, if a failure to pay taxes is occasioned by the indigency of the taxpayer, or there is an honest debate as to the amount or applicability of the tax, he may not, since a tax is a debt, be imprisoned therefor.   Where such failure to pay is a wilful or intentional refusal to pay the tax, either as a matter of principle or an actual evasion of the tax by the taxpayer, he is guilty of a crime based on fraud and may be imprisoned for such violation of the law."

Therefore, in order to convict a defendant accused of a violation of a municipal income tax ordinance which imposes a penalty of imprisonment for a refusal to pay said taxes, the municipality must allege and prove, beyond a reasonable doubt, that the failure to pay was willful or intentional or fraudulent.   *Id. See, also, Cleveland v. Technisort, Inc.* (1985), 20 Ohio App.3d 139, 146.

Generally, the determination of a defendant's intent requires an

examination of the totality of the facts and circumstances surrounding the alleged offense. *State v. Johnson* (1978), 56 Ohio St.2d 35, 38. In a case such as the one before us, a consideration of whether a particular defendant's conduct in withholding unpaid city income taxes was willful or intentional or fraudulent should necessarily require a consideration of whether the defendant was able to pay the taxes. The inability to pay due to indigence, lack of control over the withheld monies, or the like would tend to negate the element of willfulness. In a sense, therefore, appellant is correct in stating that an ability to pay may be part and parcel of a determination of intent. Nevertheless, we do not agree that the burden was upon appellee to prove ability to pay beyond a reasonable doubt in order to impose imprisonment as a sanction for failure to remit unpaid tax monies. Rather, the inability to pay in this situation is an affirmative defense. *See* R.C. 2901.05(A) and 2901.05(C)(2). As such, the burden is on the defendant to show impossibility of payment by a preponderance of the evidence. *See Cleveland v. Griswold Institute, Inc.* (Apr. 11, 1985), Cuyahoga App. Nos. 48951 and 48952, unreported.

*Toledo v. Micham*, 6th Dist. Lucas No. L-90-377, 1991 WL 192147, *3 (Sept. 30, 1991).

{¶ 46} By arguing that her trial attorney should have raised as an affirmative defense that she lacked the ability to pay the taxes due, Fields is, in essence, arguing that her attorney should not have counseled her to plead no contest and, instead, should have proceeded to trial, even if only by stipulation.

{¶ 47} We are concerned by the procedural history of this case. Fields's motion

to dismiss raised an issue that was more properly raised at trial, yet the parties and the trial court proceeded on the motion on its merits. This led to the entry of a no contest plea in an effort to preserve the right to appeal the denial of the motion to dismiss. Issues such as whether Fields actually owed income tax (the issue at the motion to dismiss) and whether her failure to pay was willful (which included whether she had an honest dispute about whether she owed taxes and/or had the ability to pay them) were not presented at trial, which would have been the proper forum for those issues

{¶ 48} In addition, based on the record, there is a reasonable probability that the outcome of this case would have been different had Fields proceeded to trial. At trial, the State would have been required to prove that Fields willfully failed to pay the income tax.[1] *See DeGolyer*, 25 Ohio St.2d at 105. The motion to dismiss hearing had only addressed whether Fields was required to pay tax at all due to the nature of the income (gift v. nonemployee compensation), and did not directly address the willfulness of Fields's nonpayment. However, the trial court noted in its ruling on the motion to dismiss that it "appears to the Court the money was an unexpected gift to help Defendant and her children." And at the beginning of the plea hearing, the court expressed to Fields that it had felt compelled to resolve the motion to dismiss as it did, but that it was "not happy with the decision [it] wrote." The court stated, "I really did not not want to come to the decision that I felt compelled that I had to come to." Reviewing the entire record, there

---

[1] As stated above, the ordinance at issue provides that no person shall "knowingly fail or refuse" to pay Xenia city income tax. In *DeGolyer*, the Ohio Supreme Court stated that the term "refuse" "necessarily implies wilfulness [sic] or intent." *DeGolyer* at 106. Because the Xenia ordinance includes "refusal" and Fields has not challenged the constitutionality of the ordinance, we decline to address whether a "knowing" failure also satisfies the willfulness requirement.

is a reasonable probability that, had the issue of willfulness been raised at trial, the trial court would have ruled at trial that Fields did not willfully refuse to the pay income tax due to a sincere belief that the money was meant as a gift.

{¶ 49} Furthermore, Fields testified at the hearing on the motion to dismiss that she had placed $40,000 of the $55,000 in four separate college funds for each of her children, as apparently intended by The Ellen DeGeneres Show and Shutterfly, and the court found that Fields owed taxes that she was "unable to pay." Defense counsel stated prior to sentencing that Fields was "truly indigent" and that she lacked income and resources. Whether Fields's failure to pay was based on indigence was an affirmative defense to be raised at trial, and we find a reasonable probability that the trial court might have concluded, had the issue been raised at trial, that Fields's failure to pay was not willful due to indigence.

{¶ 50} Reviewing the entire record, we find that counsel's raising the issue of whether Fields owed taxes in a motion to dismiss, rather than at trial, and the failure to raise matters relating to whether Fields willfully failed to pay the taxes was ineffective.

{¶ 51} Fields's third assignment of error is sustained.

### V. Conclusion

{¶ 52} The trial court's judgment will be reversed, and the matter will be remanded for further proceedings.

. . . . . . . . . . . . .

DONOVAN, P.J. and WELBAUM, J., concur.

Copies mailed to:

Ronald Lewis
Andrea G. Ostrowski

Hon. Michael K. Murry