[Cite as *State v. Seaunier*, **2017-Ohio-852**.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

STATE OF OHIO                                    :

      Plaintiff-Appellee                   :        C.A. CASE NO.   2016-CA-13

                               :

v.                                               :        T.C. NO. 16-CR-81

                               :

JOSEPH C. SEAUNIER III                           :        (Criminal Appeal from
                               :         Common Pleas Court)

      Defendant-Appellant                  :

                               :

. . . . . . . . . . .

**O P I N I O N**

Rendered on the _____10th_____ day of _____March_____, 2017.

. . . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, 200 N. Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

JOHN A. FISCHER, Atty. Reg. No. 0068346, Greene Town Center, 70 Birch Alley, Suite
240, Beavercreek, Ohio 45440
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Joseph C. Seaunier III pled guilty in the Champaign County Court of Common Pleas to one count of illegal conveyance of drugs of abuse onto grounds of a specified governmental facility, a third-degree felony, and possession of marijuana, a minor misdemeanor. In exchange for the plea, the State agreed to dismiss four

additional charges and to recommend a presentence investigation. After a presentence investigation, the trial court sentenced Seaunier to a maximum sentence of 36 months for illegal conveyance and, for both charges, suspended his driver's license for six months.

{¶ 2} Seaunier's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he found no non-frivolous issues for appeal. Counsel raised two potential assignments of error, namely that the trial court erred in imposing a maximum sentence and that trial counsel rendered ineffective assistance. By entry, we informed Seaunier that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. To date, no pro se brief has been filed.

{¶ 3} We have conducted our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and we agree with appellate counsel that there are no non-frivolous issues for review. Accordingly, the trial court's judgment will be affirmed.

**I. Factual and Procedural History**

{¶ 4} According to the record, in February 2016, Seaunier was arrested due to a probation violation in a Union County case, and he was taken to the Tri-County Jail, located in Champaign County. Seaunier conveyed drugs into the jail, including two types of prescription medication. Two days later, corrections officers at the jail received information that Seaunier might possess contraband, and the officers informed Seaunier that they were going to do a strip search. In response, Seaunier threw a sock into a laundry tub; the sock contained pills, marijuana, tobacco, and a lighter. (At sentencing, Seanier agreed that he brought prescription medication into the jail, but claimed that he

found the marijuana at the jail.)   The record reflects that Seaunier was released from jail, but the date of his release is not stated.

{¶ 5} On March 3, 2016, Seaunier was indicted on three counts of illegal conveyance of drugs of abuse onto grounds of a specified governmental facility, a third-degree felony; one count of possession of dangerous drugs, a fifth-degree felony; and one count of possession of marijuana, a minor misdemeanor.   The indictment was served on Seaunier on March 4, and he was ordered to appear on March 16.   Seaunier appeared for his arraignment, the court appointed counsel for him, and Seaunier was ordered to appear again the following day (March 17); Seaunier was released on a personal recognizance bond.   At his March 17 arraignment with counsel, Seaunier pled not guilty.

{¶ 6} A scheduling conference was held on March 24.   At that time, a pretrial conference was scheduled for April 29, 2016, and a jury trial was set for May 24 and 25, 2016.

{¶ 7} On April 14, 2016, Seaunier was arrested for criminal activity in Union County, and he again transported drugs into the Tri-County Jail, where he was taken. According to the presentence investigation report, during a search of Seaunier at the jail, a corrections officer found contraband sewn into Seaunier's underwear.   The contraband consisted of tobacco, chew, rolling papers, a match striker, matches, a lighter, and three suspected oxycodone pills (for which Seaunier had a prescription).

{¶ 8} On April 29, 2016, the date of the scheduled pretrial conference, the parties informed the trial court that there was a new charge and that they had reached a plea agreement.   The State filed a bill of information, charging another count of illegal

conveyance, based on Seaunier's April 14 conduct. Seaunier waived, in writing, his right to an indictment on that count, as well as his right to 24-hour service. Seaunier then entered a plea of guilty to the new charge and to possession of marijuana, in exchange for which the State agreed to dismiss the other four counts of the previous indictment. The court accepted Seaunier's guilty plea and ordered a presentence investigation.

{¶ 9} A sentencing hearing was held on June 13, 2016. After an extensive discussion between the court and Seaunier about the offenses and his criminal history, the trial court sentenced Seaunier to 36 months in prison for illegal conveyance, and it suspended Seaunier's driver's license for six months for both charges. No additional sentence was imposed for possession of marijuana.

{¶ 10} Seaunier appeals from his convictions.

## II. Maximum Sentence

{¶ 11} Seaunier's appellate counsel first raises whether the trial court erred in sentencing Seaunier to the maximum sentence possible for the illegal conveyance charge.

{¶ 12} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 13} R.C. 2929.11 requires trial courts to be guided by the overriding purposes of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 14} R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense; R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense. R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record.

{¶ 15} Seaunier acknowledged at sentencing that he had a "horrible past" and had served "extensive prison time," but he claimed that his crimes were the result of drug addiction; he requested an opportunity to be sentenced to community control with a drug treatment program. Seaunier claimed that he did not realize that he had the oxycodone

(Percocet) pills in his underwear when he was arrested in April 2016. Seaunier also discussed his poor health, and he stated that a judge in Union County indicated that he would give Seaunier "drug court" on another pending matter.

{¶ 16} In discussing Seaunier's criminal history, as reported in the presentence investigation, the trial court noted that fifteen of Seanier's past offenses did not involve drugs, and there was no indication that addiction was the underlying cause. Seaunier responded that one judge in a prior case had tried to send him to West Central, but he was not accepted due to his need for seizure medication and a past robbery charge (which Seaunier denied he had committed). Seaunier indicated that West Central would not take him now because of his substantial health issues. The trial court also asked Seaunier about a note in the presentence investigation report that Seaunier had threatened to stab a facility officer in the face with a knife during the April 14, 2016 investigation; Seaunier stated that he had been intoxicated, and he expressed remorse for that conduct.

{¶ 17} At the sentencing hearing, the trial court indicated that it had reviewed the presentence investigation report, the statements of counsel, Seaunier's statements, and the court's interaction with Seaunier. In imposing its sentence, the court orally explained that Seaunier had "committed the multiple drug-related offenses separated in time in a local correctional facility within seven months of being released from a state correctional facility. And the Defendant has been previously convicted of the same offense. And the Defendant threatened the rehabilitative environment and safety of the local correctional facility by possessing tobacco, tobacco-related smoking products, and matches and lighters." The trial court's detailed judgment entry reflects that the trial court

considered the purposes and principles of sentencing (R.C. 2929.11) and the factors set forth in R.C. 2929.12.

{¶ 18} The presentence investigation report shows nineteen adult convictions over twenty years. The offenses included domestic violence (1995), carrying a concealed weapon (1996), assault (2000), several counts of theft (2000, 2009, 2011, 2016), illegal conveyance of drugs (2002), possession of crack cocaine (2007), aggravated menacing (2010, 2011), and criminal damaging (2011, 2016). Seaunier had been sentenced to prison on several occasions: two years in 1998; nine months and six months, respectively, in two different 2000 cases; one year in 2002, two years in 2007; and four years in 2011. Seaunier was on probation when he committed the offenses involved in this case, he had previously committed illegal conveyance of drugs of abuse in 2002, and he committed the newly-charged offense of illegal conveyance (April 2016 conduct) while on bond in this case. The Ohio Risk Assessment System (ORAS) report indicated a very high risk of recidivism.

{¶ 19} Upon review of the record, we agree with appellate counsel that an appeal of Seaunier's maximum sentence would be frivolous.

### III. Ineffective Assistance of Counsel

{¶ 20} Seaunier's appellate counsel next raises a potential claim that Seaunier's trial counsel rendered ineffective assistance. Appellate counsel states that Seaunier may have had a defense to the illegal conveyance charge, because he had a prescription for the medication and he willingly turned them over to corrections officers. Counsel notes, however, that certain statements by Seaunier indicated that he did not willingly turn over the drugs.

{¶ 21} In general, we review alleged instances of ineffective assistance of trial counsel under the two-pronged analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688.

{¶ 22} To establish ineffective assistance of counsel, a defendant must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the outcome of the case would have been different. *See id.*; *Bradley* at 142. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cook*, 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70 (1992); *State v. Fields*, 2017-Ohio-400, __ N.E.3d __, ¶ 38 (2d Dist.).

{¶ 23} Seaunier acknowledged at sentencing that he usually tried to hide his medication when he came into the jail and "they wouldn't find it for days." With respect to the February incident (the counts which were dismissed), Seaunier told the trial court that he had brought his seizure medications – Clonazepam and Quetiapine – into the jail. Seaunier said:

> I did bring them in. I've had numerous seizures at the Tri-County. And
> they don't like to transport people to the hospital. * * * I have grand [mal]
> seizures. It's the most weirdest, painfullest [sic] thing you can experience.

And I have them a lot. And they don't give me the medications at the Tri-County Jail because a lot of people abuse them [sic] drugs. So they don't give them out. So I had just brought enough to make it to my – all I had was ten days. I had it enough to make it ten days. That's it.

{¶ 24} As to the April incident, Seaunier had his medication, along with other items, sewn into his underwear. Seaunier claimed at sentencing that he had forgotten that the pills were among the items in his underwear when he turned the underwear over to corrections officers; the trial court did not believe Seaunier's assertion.

{¶ 25} Based on the record, we find no arguably meritorious claim that Seaunier's counsel rendered ineffective assistance in counseling Seaunier to enter a plea to one count of illegal conveyance and to possession of marijuana. As result of that plea, the State dismissed three additional counts of illegal conveyance, all third-degree felonies, and one count of possession of dangerous drugs, a fifth-degree felony. In addition, Seaunier's statements at sentencing reflected that Seaunier repeatedly smuggled his prescription medication into the jail. We find no basis for Seaunier to claim that his attorney's plea recommendation fell below an objective standard of reasonableness.

## V. Additional *Anders* Review

{¶ 26} We have reviewed the entire record, including the transcripts of the plea and sentencing hearings and the presentence investigation report. Based on our review, we agree with appellate counsel that no non-frivolous claims exist. Accordingly, the trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Kevin Talebi
John A. Fischer
Joseph C. Seaunier, III
Hon. Nick A. Selvaggio