[Cite as *State v. Melton*, 2024-Ohio-3125.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29877 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 01103 |
| | : | |
| MATTHEW DALE MELTON | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on August 16, 2024

. . . . . . . . . . .

J. DAVID TURNER, Attorney for Appellant

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Matthew Dale Melton appeals from his conviction in the Montgomery County Court of Common Pleas for involuntary manslaughter (proximate result of endangering children), a felony of the first degree. He claims that the trial court erred in denying his motion to dismiss, because the endangering children charge should have been a

misdemeanor and thus could not serve as the predicate felony offense for involuntary manslaughter under R.C. 2903.04(A). For the following reasons, the trial court's judgment will be affirmed.

## I. Procedural History

{¶ 2} On June 8, 2021, Melton was indicted on involuntary manslaughter (which caused the death of K.M.), aggravated vehicular homicide, and endangering children (parent/serious physical harm). Both aggravated vehicular homicide and endangering children were charged as third-degree felonies. Because the underlying endangering children offense was a felony, involuntary manslaughter was charged under R.C. 2903.04(A) as a first-degree felony. Melton initially pled not guilty to the charges.

{¶ 3} Melton filed several motions during the pendency of his case, including a motion to dismiss the count of involuntary manslaughter. He argued that endangering children is a felony when there is "serious physical harm," but the language of the statute is silent as to circumstances involving the death of a child. Melton contended, therefore, that the proper predicate offense for an involuntary manslaughter charge was endangering children as a misdemeanor. The trial court overruled the motion, concluding that "death itself is encompassed within the definition of serious harm."

{¶ 4} Melton subsequently pled no contest to the three charges. After merging the offenses, the trial court imposed a minimum of eight years to a maximum of twelve years in prison for involuntary manslaughter, the offense elected by the State. The court also suspended Melton's driver's license for 15 years and ordered him to pay court costs.

{¶ 5} Melton appeals from his conviction. His sole assignment of error claims that

the trial court erred in denying his motion to dismiss the count of involuntary manslaughter as a felony of the first degree.

## II. Review of Motion to Dismiss

**{¶ 6}** "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." *State v. Fields*, 2017-Ohio-400, ¶ 18 (2d Dist.), citing Crim.R. 12(C); *State v. Palmer*, 2012-Ohio-580, ¶ 22. "[A] motion to dismiss 'tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced by either the state or the defendant.' " *Id.*, quoting *State v. Patterson*, 63 Ohio App.3d 91, 95 (2d Dist. 1989).

**{¶ 7}** We review de novo a trial court's decision on a motion to dismiss. *Fields* at ¶ 19; *State v. Miles*, 2018-Ohio-4444, ¶ 7 (2d Dist.). "De novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Clay*, 2016-Ohio-424, ¶ 5 (2d Dist.).

**{¶ 8}** Melton was indicted for involuntary manslaughter in violation of R.C. 2903.04(A). That statute reads, "No person shall cause the death of another . . . as a proximate result of the offender's committing or attempting to commit a felony." R.C. 2903.04(A). A violation of R.C. 2903.04(A) is a first-degree felony. R.C. 2903.04(C). In contrast, when the death is a proximate result of the offender's committing or attempting to commit a misdemeanor (a violation of R.C. 2903.04(B)), the offense is a third-degree felony. R.C. 2903.04(C).

**{¶ 9}** The predicate offense for Melton's involuntary manslaughter charge was

endangering children in violation of R.C. 2919.22(A). That statute provides, in relevant part, that "[n]o person, who is the parent . . . of a child under eighteen years of age . . ., shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." R.C. 2919.22(A).

{¶ 10} R.C. 2919.22(E) establishes different degrees of the offense of endangering children depending on the subsection and circumstances involved. Generally, a violation of R.C. 2919.22(A) is a first-degree misdemeanor. R.C. 2919.22(E)(2)(a). It is elevated to a third-degree felony if the violation "results in serious physical harm to the child involved." R.C. 2919.22(E)(2)(c). "Serious physical harm to persons" includes "[a]ny physical harm that carries a substantial risk of death." R.C. 2901.01(A)(5)(b).

{¶ 11} On appeal, Melton argues, as he did in the trial court, that the language in the endangering children statute is silent as to circumstances involving the death of a child. Citing *State v. Hardy*, 2017-Ohio-7635 (2d Dist.), he states that R.C. 2919.22 "does not contain an enhanced penalty provision addressing a situation where the offense results in the death of a child." Melton contends, therefore, that when endangering children results in the child's death, the offense is a misdemeanor. Thus, an involuntary manslaughter charge predicated on such an endangering children offense falls under R.C. 2903.04(B) (committing or attempting to commit a misdemeanor), not R.C. 2903.04(A) (committing or attempting to commit a felony).

{¶ 12} In our view, death clearly falls within the statutory definition of "serious physical harm to persons." *Accord State v. Lloyd*, 2022-Ohio-4259, ¶ 22 ("In this case, the serious physical harm that occurred *was* the victim's death." (Emphasis in original)).

It is axiomatic that a physical harm that causes death necessarily "carries a substantial risk of death." Although we have not previously addressed this issue directly, we have consistently affirmed homicide and endangering children convictions involving the death of a child when the predicate offense required "serious physical harm." *E.g., State v. Pulley*, 2023-Ohio-3277 (2d Dist.) (affirming convictions for felony murder (felonious assault) and endangering children (parent/ serious physical harm) based on the death of a five-week-old child); *State v. St. John*, 2019-Ohio-650 (2d Dist.) (affirming felony murder (felonious assault) and child endangering (parent/serious physical harm) convictions based on death of girlfriend's young child); *Hardy*, 2017-Ohio-7635 (2d Dist.).

{¶ 13} *Hardy* does not support Melton's position. In that case, the defendant's dog attacked and killed the defendant's infant step-grandson, which led to the defendant's being charged with multiple counts of involuntary manslaughter under both R.C. 2903.04(A) and 2903.04(B), as well as endangering children in violation of R.C 2919.22(A) (parent-serious harm) and failure to confine a vicious dog. Prior to trial, Hardy sought to dismiss all counts except failure to confine a vicious dog, arguing that the more specific statute prevailed over the conflicting general statutes in the remaining counts. The trial court denied the motion.

{¶ 14} In her direct appeal, Hardy raised the denial of her motion to dismiss. While reviewing whether the various statutes presented an irreconcilable conflict, we quoted the statutory language for involuntary manslaughter, both under R.C. 2903.04(A) and 2903.04(B), as well as for endangering children and failure to confine a vicious dog. We noted that "[e]ndangering children rises to a felony offense if the violation 'results in

serious physical harm to the child involved.'   R.C. 2919.22(E)(2)(c).   The endangering children statute does not contain an enhanced penalty provision addressing a situation where the offense results in the death of the child.   *See* R.C. 2919.22(E)."   *Hardy* at ¶ 53.

{¶ 15} Melton focuses on this last statement about the lack of an enhanced penalty provision when a child dies.   However, we do not read either that sentence or R.C. 2919.22(E)(2)(c) to mean that "serious physical harm" does not include death.   To the contrary, we later stated in *Hardy* that "[w]here serious physical harm results, *as it did in this case*, the offense [of endangering children] is a felony of the third degree." (Emphasis added.)   *Hardy* at ¶ 56.   Our statement merely acknowledged that R.C. 2919.22(E) does not provide a penalty for death, the most severe form of harm, separately from other types of serious physical harm.

{¶ 16} The trial court did not err in denying Melton's motion to dismiss. Accordingly, his assignment of error is overruled.

### III. Conclusion

{¶ 17} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .


WELBAUM, J. and HUFFMAN, J., concur.